# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

### No. 17-850V

(not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
A.Y., a minor by his parents,        *
J.Y. and                             *          Chief Special Master Corcoran
S.Y.,                                *
                                     *
                Petitioners,         *          Filed: July 9, 2021
                                     *
        v.                           *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Renee Gentry,* Vaccine Injury Litigation Clinic, George Washington University Law School, Washington, DC, Petitioner.

*Jeremy Fugate,* U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On June 22, 2017, J.Y. and S.Y. filed a petition on behalf of their minor son A.Y., seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioners alleged that A.Y. experienced the reactivation of a varicella virus in 2014 or 2015 that was made possible by a varicella vaccine he had received seven-plus years prior, in November

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2007. Petition (ECF No. 1) at 1. This case was one of three[3] filed on behalf of A.Y. and his siblings—triplets born November 14, 2006—and all were eventually assigned to me and consolidated. Order, dated January 4, 2018 (ECF No. 16).

Respondent's Rule 4(c) Report was not filed until November 2018, and contested the propriety of compensation. ECF No. 29. Given the extreme novelty of the claim, and concerns I had about its viability based on a preliminary view of the record, I thereafter issued a show cause order requiring Petitioners to demonstrate why the claim should not be dismissed. Docket Entry, dated November 28, 2018. In response, Petitioners filed a brief defending their claim (with respect solely to the first A.Y.-filed petition) on May 13, 2019 (ECF No. 38) ("Br."). Respondent reacted to my Order and requested dismissal in a pleading filed September 11, 2019 (ECF No. 41) ("Opp."). Petitioners thereafter offered a reply brief on December 12, 2019 (ECF No. 44) ("Reply"). On June 26, 2020,

I issued a decision denying entitlement to compensation. *See* Decision, dated June 26, 2020 (ECF No. 45) (the "Decision"). Petitioners subsequently filed a motion for review of my decision on July 27, 2020 (ECF No. 48), but it was denied. *See* Opinion and Order, dated February 1, 2021 (ECF No. 58). The accompanying cases were also dismissed at the request of counsel. *See W.Y. v. Sec'y of Health & Hum. Servs.*, No. 18-11, slip op. (Fed. Cl. Spec. Mstr. Apr. 20, 2021); *A.Y. v. Sec'y of Health & Hum. Servs.*, No. 18-12, slip op. (Fed. Cl. Spec. Mstr. Apr. 20, 2021).

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, filed May 24, 2021 (ECF No. 63) ("Fees App."). Petitioners request a final award of $87,832.00 in attorney's fees and costs for the work of two attorneys (Mr. Clifford J. Shoemaker[4] and Ms. Renee J. Gentry) as well as the supportive work of several student attorneys. Fees App. at 1, 10. It appeared from review of the time sheets submitted that the fees request pertained solely to work incurred on this matter.

Respondent reacted to the fees request on June 21, 2021. *See* Response, dated June 21, 2021 (ECF No. 65). Respondent contends that Petitioners have failed to establish a reasonable basis for their claim, and are thus not entitled to a discretionary award of fees and costs. Response

---

[3] *See W.Y. v. Sec'y of Health & Human Servs.*, No. 18-11V (filed January 2, 2018) ("Matter II"), and *A.Y. v. Sec'y of Health & Human Servs.*, No. 18-12V (filed January 2, 2018) ("Matter III"). Matter II was filed on behalf of W.Y., and alleged (unlike with respect to A.Y.) that W.Y.'s chickenpox/varicella reactivation symptoms only began in January 2015, and also seems to argue that W.Y.'s developmental problems generally *are* vaccine-caused. In Matter III, Petitioners asserted that a different sibling, but also with the initials A.Y., experienced reactivation with onset in June 2015. In both more-recent filings, however, Petitioners maintained the siblings had (similar to this case) tested positive for a reactivated vaccine-contained varicella strain.

[4] Mr. Shoemaker retired from the practice of law in 2020, and is no longer admitted to practice before the Court (which includes Vaccine Program appearances). Virginia State Bar Disciplinary Board, VSB Docket No. 20-051-117628, Consent to Revocation Order (Feb. 7, 2020), https://www.vsb.org/docs/Shoemaker-021020.pdf (last visited Jul. 8, 2021). But because the time he spent on this matter was incurred while he was still a member in good standing of the Court's bar, his time may be compensated.

at 7. Petitioners reacted to Respondent's objection on June 29, 2021. *See* Reply, dated June 29, 2021 (ECF No. 66). Petitioners confirmed that the fees and costs requested related solely to work performed on the instant matter, and that a request for fees would not be submitted in the two related cases. Reply at 1. Petitioners also argued that while it was found that they had failed to provide preponderant evidence to establish causation, their claim was nevertheless based on a reasonably-sound medical concept and supported by reliable evidence. *Id.* at 2.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$87,832.00**.

## ANALYSIS

### I.    Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case as well, if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020).

At bottom, a claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). And the Federal Circuit has held that special masters may consider witness affidavits in making factual conclusions, especially if the record is silent on the matter. *Kirby v. Sec'y of Health & Hum. Servs.*, 997 F.3d 1378, 1381 (Fed. Cir. 2021).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special

master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[5]

Respondent, in this case, argues that Petitioners have failed to establish a reasonable basis for their claim under the *Simmons* standard, because when considering the actual medical history as reflected in the record, Petitioners have not provided a "scintilla of evidence of vaccine causation to satisfy the Act's reasonable basis standard." Response at 7 (citing *Simmons v. HHS*, 875 F.3d 632, 635 (2017)). Specifically, Respondent argues that Petitioners' claim lacked proof of diagnosis, severity, and causation. *Id.* at 8. The presence of any one of these deficiencies could be dispositive of reasonable basis. *Id.* Moreover, Respondent argues that the absence of all three creates an "insurmountable lack of reasonable basis." *Id.*

It is undisputed herein that Petitioners' claim was ultimately unsuccessful. Indeed, it was in retrospect more than a novel theory not before raised in a Program case, to my knowledge— that a varicella vaccine could lead to viral reactivation *years after* vaccination. Rather, it relied on limited evidence that A.Y. had in fact experienced reactivation, confusing in part evidence of behavioral-related changes that were already evident pre-vaccination with the purported alleged injury. Decision at 9. And although the expert Petitioners relied upon, Anne Gershon, M.D., clearly qualified to opine on the issue of reactivation, her report was not only quite sparse but did not even attach the item of literature most supportive of the claim. *Id.* at 12. All in all, this claim was quite thin and properly dismissed.

Nevertheless, it had sufficient objective basis to entitle Petitioners to a fees and costs award. Petitioners were able to offer a reasonably-sound medical concept to support their causation theory, and Petitioner's good faith arguments were backed by objective support in the record for core matters like proof of vaccination and the nature of injury. I note particularly the evidence of treater opinion from Dr. Honaker who asserted a temporal connection suggesting reactivation may have occurred and as well as treater Dr. Robinson who opined that A.Y. had experienced a marked change in his health temporally associated with the alleged varicella reactivation. Treater support for aspects of the claim, and the fact that the injury at issue was not one that has regularly been litigated in the past was not such that counsel might have been on notice that the claim would likely not succeed.

Future such claims will require significantly more evidentiary support if they are to succeed. And it is very possible that if this kind of claim is repeatedly litigated to dismissal as here,

---

[5] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

I will be far less inclined to find that *any* evidence could support it. But *this* claim did have the barest sufficiency of a factual basis, under the reasonable basis standards set by the Federal Circuit, to find that an award of fees is justified despite the claim's dismissal.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for their attorneys and support staff, based on the years work was performed:

|  | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|
| **Ms. Renée Gentry, Esq.** | - | $435.00 | $440.00-$445.00 | $464.00 |
| **Mr. Clifford Shoemaker, Esq.** | $440.00 | $450.00 | $460.00 | - |
| **George Washington University Law Student-Attorneys** | $150.00 | $150.00 | $150.00 | $150.00 |

Fees Invoice at 1-12.

Ms. Gentry (and Mr. Shoemaker prior to his retirement) practice in Vienna, Virginia (a jurisdiction that has been deemed "in forum"), as well as Washington, DC, in cases where the GW Law School Clinic is involved. Accordingly, she plus the attorneys and students who assisted her are entitled to the rates established in *McCulloch*. *See Jaffri v. Se'y of Health & Human Servs.*, No. 13-484V, 2016 WL 7319407, at *5–6 (Fed. Cl. Spec. Mstr. Sept. 30, 2016). The rates requested for Ms. Gentry and Mr. Shoemaker are also consistent with what has previously been awarded them in accordance with the Office of Special Masters' fee schedule.[6] *See, e.g.*, *Clubb v. Sec'y of Health & Hum. Servs.*, No. 15-891V, 2019 WL 1040384 at *3 (Fed. Cl. Spec. Mstr. Feb. 4, 2019). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $13,961.890 in costs incurred since the claim's filing, including medical record retrieval costs and fees for the work of expert Richard A. Honaker, M.D. Fees Invoice at 36. Dr. Honaker worked at a rate of $345.00 per hour for 36.5 hours, totaling $12,977.30 in fees. *Id.* at 29. I find Dr. Honaker's rate and total hours expended to be reasonable, and find no reason to make any reductions for his work. Medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable. Thus, they shall also be awarded in full without reduction.

---

[6] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$87,832.00,** reflecting $73,870.20 in attorney's fees and $13,961.80 in costs, in the form of a check made jointly payable to Petitioners and their attorney Ms. Renée Gentry. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.